IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| FRANK DASTA and STACEY DASTA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 10-6014-CV-SJ-ODS |
| ) | |
| RESPONSE WORLDWIDE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION DENYING PLAINTIFFS' MOTION TO REMAND

Plaintiffs seek remand of this removed case, contending complete diversity of citizenship is lacking. Plaintiffs are citizens of Missouri. They are suing Defendant for vexatious refusal to pay under Mo. Ann. Stat. § 375.296, breach of contract, and punitive damages, seeking relief in excess of $75,000. Defendant is incorporated and headquartered in Illinois. Although there appears to be diversity of citizenship under 28 U.S.C. § 1332(c)(1), Plaintiffs argue Defendant should be deemed a citizen of Missouri because this is a "direct action" against an insurer. This contention has no merit.

> [I]n any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1). The phrase "direct action" in this statute is a term of art. Courts have uniformly recognized that § 1332(c) "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." *Home*

*Indemnity Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974); *see also Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974). Courts have further recognized that by employing the phrase "direct action," Congress intended "to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979) (quotation omitted).

Consistent with this authority, courts have concluded that "a 'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action.'" *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) (citations omitted) (citing cases); *see Webb v. State Farm Mut. Auto. Ins. Co.*, No. 407-CV-0094-ODS, 2007 WL 1030473, *1-*2 (W.D. Mo. March 29, 2007) (holding that insured's action against her insurance company for uninsured motorist coverage was not a "direct action"). Here, Plaintiffs' suit against Defendant (Plaintiffs' insurer) is a first party action for uninsured and/or underinsured motorist insurance, not a direct action. Defendant cannot be deemed a Missouri citizen under the "direct action" exception to § 1332(c)(1).

The two remaining bases for corporate citizenship in § 1332(c)(1) are state of incorporation and principal place of business. Defendant is incorporated in Illinois. Plaintiffs assert Defendant is a Missouri citizen because it has offices and does business in Missouri. But having an office in Missouri and doing business here does not make Missouri Defendant's principal place of business. The Supreme Court has held that the phrase *principal place of business* is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Here, Defendant has submitted an affidavit stating that its officers direct, control, and coordinate its activities from its headquarters in Illinois. Defendant's principal place of business under *Hertz* is Illinois, not Missouri.

Plaintiffs contend *Hertz* is inapplicable because "Congress specifically excluded insurance companies from the one principal place of business in 28 U.S.C. § 1332(c)." Plaintiffs are correct that the citizenship of insurance corporations is broader than other corporations *when the suit is a direct action*. But since Plaintiffs' suit is not a direct

action, the Court must determine Defendant's citizenship based on its state of incorporation and principal place of business, both of which are Illinois.  *See* § 1332(c)(1).  Since Plaintiffs are citizens of Missouri and Defendant is a citizen of Illinois, complete diversity of citizenship is present.  *See* § 1332.  The Court has subject matter jurisdiction over this suit.  Plaintiffs' motion to remand is denied.
IT IS SO ORDERED.

                                                                   /s/ Ortrie D. Smith
                                                                   ORTRIE D. SMITH, JUDGE
DATE: July 20, 2010                                UNITED STATES DISTRICT COURT